**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 21-cv-2326 PJS/LIB**

| | |
|---|---|
| Renee M. Hendrickson,<br><br>                Plaintiff,<br>v.<br><br>Friendlies Debt Relief,<br><br>             Defendant. | **<u>AMENDED COMPLAINT</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>INTRODUCTION</u>

1.  This action arises out of Friendlies Debt Relief (hereinafter "Defendant") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter the "FDCPA") and Minnesota Common law for credit defamation.

## <u>JURISDICTION</u>

2.  Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. §1367 for pendent jurisdiction.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conduct business in this District.

**PARTIES**

4.  Plaintiff, Renee M. Hendrickson (hereinafter "Plaintiff"), is a natural person who resides in the City of Kimball, County of Stearns, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant is a collection agency licensed in the State of Minnesota with a principal place of business located at 876 E 7th Street, St. Paul, MN 55106. Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

6.  A woman with a similar name to Plaintiff living in Wisconsin incurred a consumer debt as that term is defined at 15 U.S.C. §1692a(5) with Stillwater Vet Clinic.

7.  When Stillwater Vet Clinic did not get paid on the account in question, it referred the account to Defendant for collection.

8.  Defendant then attempted to communicate with the proper debtor who lived in Wisconsin.

9.  Plaintiff has never lived in Wisconsin.

10. When Defendant could not receive payment from the correct debtor, it performed skip-tracing efforts that uncovered Plaintiff at her address and telephone number in Minnesota.

11. Without confirming with either Stillwater Vet Clinic or any other reputable source, Defendant began to report and publish the debt on Plaintiff's credit report even though

2

Stillwater Vet Clinic had not provided any social security number or date of birth to Defendant.

12. Eventually, Plaintiff and Defendant spoke on the telephone on or about February 20, 2020.

13. Plaintiff explained in detail that she was not the debtor in question and specifically that she has never lived in Wisconsin and never had a phone number with area code (715).

14. Moreover, Plaintiff disputed that she had ever had a collection account with Stillwater Vet Clinic.

15. Despite providing the information to Defendant it refused to cease collection and/or reporting the false and highly derogatory information to Plaintiff's credit reports.

16. Defendant maliciously or in the alternatively negligently reporting highly derogatory information to the national credit reporting agencies about Plaintiff.

17. Again, on March 10, 2020, Plaintiff and Defendant engaged in a telephone communication and again Plaintiff disputed the account as not being hers.

18. Defendant did not at any time inform Plaintiff that it had reported the false and derogatory debt to the national credit reporting agencies using her personal identifying information.

19. Defendant's conduct has caused Plaintiff immense frustration, anger, hopelessness, anxiety, loss of sleep, adverse credit score/profile, mental anguish, and emotional distress.

20. Plaintiff did not learn of the Defendant's conduct and in fact it was concealed from Plaintiff until June 2021 when during Federal Court litigation in the District Court of

3

Minnesota – Court file number 21-cv-725 NEB/LIB did Plaintiff learn that it was Defendant that reported inaccurate information about Plaintiff.

21.    Plaintiff did not and never would have reasonably suspected that the Stillwater Vet Clinic debt, that did not belong to her and was not owed by her, would be reported by Defendant to the national credit reporting agencies as hers. *See* Rotkiske v Klemm, 2019 WL 6703563 (U.S. Dec. 10, 2019).

## TRIAL BY JURY

22.    Plaintiff is entitled to, and hereby demands, a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C § 1692 *et seq.*

21.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.    The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA as outlined above.

23.    Defendant continued to attempt to collect on a debt it knew or should have known was not Plaintiff's debt, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f especially after being warned of having the wrong party.

24.    Defendant's attempts to collect a debt from Plaintiff were in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), and 1692f

4

25. Plaintiff is entitled to recover actual damages more than $500 and statutory damages in the amount of $1,000.00 from Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

26. Plaintiff is entitled to recover litigation costs and attorney's fees from both Defendant, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY – PUBLICATION OF PRIVATE FACTS

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant knowingly reported false and highly derogatory information to Plaintiff's credit reports that were private and personal about Plaintiff that it knew would be published on Plaintiff's credit reports that in turn would be seen by all her current and potential creditors.

29. Defendant's conduct would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

30. Plaintiff had a legitimate expectation of privacy in her solitude, seclusion, and private concerns and affairs.

31. As a result of Defendant's intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

## COUNT III.

## CREDIT DEFAMATION

32. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

33. Defendant maliciously communicated false and derogatory information about Plaintiff when they knew or should have known the account was not Plaintiff's account.

34. Defendant's false communications, acts and omissions resulted, in defamation of the Plaintiff and harmed her credit reputation.

35. Defendant's false communications were the type that would and/or did deter third persons from associating or dealing with Plaintiff.

36. Defendant's communications were the type that would injure Plaintiff's character, or subject her to ridicule, contempt, distrust, or would degrade her in the eyes of another.

37. Plaintiff's credit reputation has been damaged as a result and is entitled to damages, costs, and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- actual damages, costs and attorney's fees for Defendant's credit defamation;
- actual damages from Defendant for the emotional distress suffered as a result of the invasion of privacy in an amount to be determined at trial;
- awarding Plaintiff statutory damages against the Defendant for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff reasonable attorney's fees and costs against Defendant; and
- for such other and further relief as the Court may deem just and proper.

Dated this 10th day of November 2021.

Respectfully submitted,


By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

**_ATTORNEY FOR PLAINTIFF_**